```
              IN THE UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEBRASKA

JULIE LYNN CARPER,            )
                              )
              Plaintiff,      )         8:14CV293
                              )
      v.                      )
                              )
MICHAEL DANIEL CARPER,        )         MEMORANDUM OPINION
                              )
              Defendant.      )
_____)
```

This matter is before the Court on ten motions which the Court has reviewed and now finds as follows.

I.   PROCEDURAL BACKGROUND

The plaintiff in this matter is Julie Carper, a citizen of Colorado, erstwhile resident of Nebraska, and ex-wife of the defendant. The plaintiff is appearing pro se. Her motions represent the lion's share of the pending motions in this matter.

Plaintiff filed her complaint on or about September 25, 2014 (Filing No. 1). She filed a notice of consent of civil action before Magistrate Judge Thalken, though she was the sole signatory, thereby preserving this Court's jurisdiction over the matter. Plaintiff filed an amended complaint on or about September 29, 2014 (Filing No. 7).

Plaintiff has filed a motion for fees pursuant to Federal Rule of Civil Procedure 4. According to the motion, the defendant refused service by certified mail ("as an intentional delay by the Defendant as an attorney") and therefore, plaintiff spent $51.75 to perfect in-hand service on the defendant (Filing

No. 11, at 1). Attached to this motion are documents purporting to show the basis of the fees. *Id.* at 2-4.

In lieu of an answer, the defendant filed a motion to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12 (b)(6) (Filing No. 13, at 1). Defendant filed an accompanying brief in support of this motion (Filing No. 14). These documents were filed on December 2, 2014.

On December 5, 2014, the plaintiff filed four motions. First, in response to the defendant's motion to dismiss, the plaintiff filed a motion (Filing No. 15) "in support of brief in opposition of defendants [sic] motion to dismiss." Filing No. 15, at 1. Plaintiff filed an accompanying brief (Filing No. 16) in support of this motion. Both of these documents were filed on December 5, 2014, some three days after the defendant's filings. The Court, for the purpose of liberally construing filings of pro se litigants, will deny this motion (Filing No. 15) as moot. Instead, the Court will consider the motion's accompanying brief (Filing No. 16) as a brief in opposition of defendant's motion to dismiss (Filing No. 13).

Second, the plaintiff submitted a motion (Filing No. 17) seeking an expedited hearing. This motion will be denied.

Third, the plaintiff filed a motion (Filing No. 18) for an order to show cause. After review of the underlying request that the Court enter a temporary restraining order and a

preliminary injunction against the defendant to refrain from abiding by a State court order, the Court will deny that motion.

Fourth, the plaintiff filed a motion to disqualify the defendant's attorney on the bases that his attorney is not competent, does not understand domestic violence, and is a friend of the defendant, among other reasons (Filing No. 19, at 1-4). The Court will deny this motion.

On December 9, 2014, the plaintiff filed a motion "to strike defendants [sic] affirmative defenses." Filing No. 20, at 1.

On December 10, 2014, the plaintiff filed a motion to amend and supplement her complaint in order to join the defendant's lawyer as a co-conspirator under the "RICO Act." Filing No. 22, at 1.

On December 29, 2014, the plaintiff filed two more motions. First, plaintiff filed a motion for partial summary judgment (Filing No. 24). Second, plaintiff filed a motion (Filing No. 25) "for miscellaneous relief."

II.  FACTUAL BACKGROUND

The plaintiff has filed multiple lawsuits that allege wrongdoing related to a 2008 divorce action litigated in the District Court of Buffalo County, Nebraska, Case No. 08-0679 (hereafter the "Divorce Action"). The plaintiff alleges that the defendant violated her rights under the Violence Against Women Act, 42 U.S.C. § 13,925 *et seq*. In plaintiff's prior cases, she has sued the Clerk of the Buffalo County District Court, the

-3-

Clerk of the Nebraska Supreme Court, the State of Nebraska, the Nebraska Attorney General's Office, the Honorable Judge Owens, the Honorable Chief Justice Michael Heavican, the Honorable David Urbom, Nebraska Supreme Court Administrator, the defendant and his attorney, and the law firm representing the defendant. *See Carper v. Mauler*, Case No. 4:12CV03229, Filing No. 41 (D. Neb. June 6, 2013); *Carper v. State*, Case No. 4:12CV03182, Filing No. 38 (D. Neb. March 3, 2013); *Carper v. Carper*, Case No. 4:10CV3017, Filing No. 18 (D. Neb. March 25, 2010); *Carper v. Knapp, Fangmeyer, Aschwege, Besse & Marsh, P.C.*, Case No. 4:12CV3244, Filing No. 24 (D. Neb. August 15, 2013); *Carper v. State*, 4:10CV03015, Filing No. 38 (D. Neb. June 4, 2010).

III. LEGAL STANDARDS

The Court has an obligation to consider *sua sponte* whether it has subject matter jurisdiction over a case. *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014). The Court "must raise jurisdictional issues 'when there is an indication that jurisdiction is lacking, even if the parties concede the issue.'" *Id*. (quoting *Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991)). Suits are subject to dismissal when the court lacks subject matter jurisdiction to hear the matter. Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction bears the burden of proving that jurisdiction is proper. *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010).

Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense."  *Id.* at 679.  Under *Twombly*, a court considering a motion to dismiss may begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. *Id.*  Although legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations."  *Id.*  Accordingly, the Supreme Court has prescribed a "two-pronged approach" for evaluating Rule 12(b)(6) challenges.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  First, a court should divide the allegations between factual and legal allegations; factual allegations should be accepted as true, but legal allegations should be disregarded.  *Id.*  Second, the factual allegations must be examined for facial plausibility.  *Id.*

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id. at* 677 (stating that the plausibility standard does not require a probability, but asks for more than a sheer possibility that a defendant has acted unlawfully).  A court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim.  *Twombly* at 558, 556.  When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to state

a claim under Fed. R. Civ. P. 12(b)(6).  *Id.* at 558; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

IV. ANALYSIS

    A.   DISMISSAL

First, the Court will dismiss the plaintiff's action due to lack of jurisdiction.  In *United States v. Morrison*, the United States Supreme Court struck down the provision of the Violence Against Women Act which provided women the power to sue their attackers in federal court.  *United States v. Morrison*, 529 U.S. 598, 627 (2000).  Because the plaintiff seeks a remedy under this statute, defendant's motion to dismiss the plaintiff's amended complaint will be granted.

Second, the Court will dismiss the plaintiff's amended complaint on the basis of *res judicata*.  The doctrine of *res judicata* bars parties from re-litigating issues which were or could have been raised in a previous action.  The elements of *res judicata* are:  (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action. *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998).  The Court finds that these elements have been met.

Third, this Court lacks jurisdiction over plaintiff's claims.

> The *Rooker-Feldman* doctrine
> prohibits lower federal courts from

>  exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court") (citation omitted). Put simply, a federal district court does not possess authority in a civil rights case to review or alter final judgments of a state court judicial proceeding.

*Carper v. Mauler*, Case No. 4:12CV3229, Filing No. 41 (D. Neb. June 6, 2013). Plaintiff again asserts various flaws in the Divorce Action of 2008. In order to succeed in her claims, the Court would have to find that State courts erred in the proceedings. In other words, awarding plaintiff the relief she seeks would effectively undermine a decision by Nebraska state courts. For each of the foregoing reasons, defendant's motions to dismiss the plaintiff's amended complaint will be granted.

B.   STRIKE AFFIRMATIVE DEFENSES

The defendant has raised several sound affirmative defenses in his motion to dismiss, and the Court finds no basis for striking those defenses.  The plaintiff's motion (Filing No. 20) will be denied.

C.   AMENDMENT

Having now found that plaintiff's amended complaint should be dismissed in its entirety, plaintiff's motion to amend her complaint (Filing No. 22) will be denied.

D.   FEES

Federal Rule of Civil Procedure 4(d)(2) states that a Court must impose service fees when a domestic defendant "fails, without good cause, to sign and return a waiver requested" by a domestic plaintiff.  Though the Court finds the plaintiff's motion difficult to decipher, the onus is on the defendant to object and show cause as to the waiver.  Because the plaintiff filed the motion for fees on November 11, 2014, and the defendant has failed to respond, the Court will grant the plaintiff's motion (Filing No. 11) to reimburse the plaintiff $51.75.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 5th day of January, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court